

FILED _____ _____ RECEIVED
ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

NOV 1 6 2010

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY: _____ DEPUTY

1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**
9                          **DISTRICT OF NEVADA**

10   ROY ALAN O'GUINN,                    )
                                          )
11                     Plaintiff,         )       3:09-cv-00684-RCJ-RAM
                                          )
12   vs.                                  )
                                          )       ORDER
13   SENIOR CORRECTIONAL OFFICER          )
     TIMOTHY TOOKER, *et al*,             )
14                                        )
                       Defendants.        )
15   _____ )

16        Plaintiff Roy O'Guinn has submitted an amended civil rights complaint pursuant to 42 U.S.C.

17   § 1983, as directed by the court. The Court has screened Plaintiff's civil rights complaint pursuant to

18   28 U.S.C. § 1915A and finds the amended complaint should be served.

19   **I.        Screening Standard Under 28 U.S.C. § 1915A**

20        Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress

21   from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).

22   In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous,

23   malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a

24   defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings,

25   however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir.

26   1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that

1    a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

2    violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42,

3    48 (1988).

4        In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation

5    Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of

6    poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may

7    be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.

8    § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is

9    provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under

10   § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses

11   a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions

12   as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could

13   not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

14        Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v.*

15   *Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim

16   is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that

17   would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making

18   this determination, the Court takes as true all allegations of material fact stated in the complaint, and the

19   Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d

20   955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than

21   formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404

22   U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed

23   factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp.*

24   *v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action

25   is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

26

1    Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because

2   they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*,

3   129 S.Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework of a complaint, they

4   must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a

5   court should assume their veracity and then determine whether they plausibly give rise to an entitlement

6   to relief. *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific

7   task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

8    Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the

9   prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal

10   conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of

11   infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual

12   allegations (e.g., fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28

13   (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

14   **II.    The Complaint**

15    Plaintiff alleges that his due process rights, guaranteed by the Fourteenth Amendment, have been

16   violated by disciplinary proceedings based upon evidence that was held in the Lovelock Correctional

17   Center evidence locker since July of 2004.  He contends that the charging officer, Senior Correctional

18   Officer Tooker of LCC, the disciplinary hearing officer, Lt. Arguello, and  Warden Gregory Smith, both

19   at Nevada State Prison brought the charges and then denied him a fair hearing and review, causing him

20   to suffer an extended time in disciplinary segregation and a loss of good time credits leading to mental

21   anguish and confusion.

22    Plaintiff tells that he was charged with an MJ 26 in 2004 with possession of a book which had

23   been modified. Those charges were dismissed, but the book was held in the LCC evidence locker since

24   that time until plaintiff was about to be released from an eighteen month stint in disciplinary segregation

25   arising from other events.  Plaintiff alleges that just before his release from disciplinary segregation,

26

3

1  Senior Correctional Officer Tooker filed a notice of charges for an MJ-53 based on his purported

2  discovery of "a crystaline substance that had been logged into the LCC Evidence vault on 8-5-04."

3  Plaintiff notes that the charges in 2004 were for possession of contraband excluding drugs and drug

4  paraphernalia and that the book had been thoroughly examined by the investigations department at that

5  time and no drugs had been found at that time.  Plaintiff identifies himself as brain-damages and

6  seriously mentally ill.  Plaintiff further alleges that while defendant Arguello asked if he needed counsel,

7  when he said yes, none was provided.  Finally, plaintiff asserts that there was no evidence presented to

8  the hearing officer to support the charges or the guilty finding.

9      Plaintiff contends that on appeal, the warden improperly upheld the guilty finding and sanctions

10  when there was no evidence to support the charges and that a proper investigation and review of the

11  events from 2004 would have shown that the book did not contain any drugs and that SC/O Tooker's

12  charges were false.

13      In order to state a cause of action for deprivation of procedural due process, a plaintiff must first

14  establish the existence of a liberty interest for which the protection is sought.  In *Sandin v. Connor*, 515

15  U.S. 472, 487 (1995), the Supreme Court abandoned earlier case law which had held that states created

16  protectable liberty interests by way of mandatory language in prison regulations.  *Id.*  Instead, the Court

17  adopted an approach in which the existence of a liberty interest is determined by focusing on the nature

18  of the deprivation.  *Id.*  In doing so, the Court held that liberty interests created by prison regulations are

19  limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in

20  relation to the ordinary incidents of prison life." *Id.* at 484.

21      Where a protected liberty interest exists, the Supreme Court has set out the following procedural

22  due process requirements for disciplinary detention of a prisoner: (1) written notice of the charges; (2)

23  at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that

24  the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely

25  on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense,

26

4

1  when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals;

2  (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally

3  complex. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). "[T]he requirements of due process are

4  satisfied if some evidence supports the decision by the prison disciplinary board. *Superintendent, Mass.*

5  *Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985); *Burnsworth v. Gunderson,* `79 F.3d 771, 774-75

6  (9th Cir. 1999) (where there is no evidence of guilt, it may be unnecessary to demonstrate existence of

7  a liberty interest).

8        Furthermore, if the inmate is illiterate, the issues are complex, or the prison er is unable to gather

9  evidence, the prisoner must be provided with some legal assistance. *See Vitek v. Jones,* 455 U.S. 480,

10  495-96 (1980); *Baxter v. Palmigiano,* 425 U.S. 308, 315 (1976); *Walker v. Summner,* 14 F.3d 1415,

11  1420 (9th Cir. 1994).

12        Here, plaintiff alleges and the Court must take as true, that there was no evidence presented at

13  the disciplinary hearing to support the charges and that he was entitled to some counsel to assist him at

14  the hearing and, as a result, plaintiff has stated claims which may proceed against the named defendants.

15        **IT IS THEREFORE ORDERED** as follows:

16        1.    The Clerk **shall electronically serve a copy of this order, including the attached**

17  **Notice of Intent to Proceed with Mediation form, along with a copy of plaintiff's amended**

18  **complaint, on the Office of the Attorney General of the State of Nevada, to the attention of Pamela**

19  **Sharp**.

20        2.    The Attorney General's Office shall advise the Court within **twenty-one (21) days** of the

21  date of entry of this order whether it can accept service of process for the named defendants. As to any

22  of the named defendants for which the Attorney General's Office cannot accept service, the Office shall

23  file, *under seal*, the last known address(es) of those defendant(s).

24  / / /

25  / / /

26                                  5

3.      If service cannot be accepted for any of the named defendant(s), plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for said defendant(s).  Plaintiff is reminded that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days of the date the complaint was filed.

4.      If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint within **thirty (30) days** following the date of the early inmate mediation.  If the court declines to mediate this case, an answer or other response shall be due within **thirty (30) days** following the order declining mediation.

5.      The parties **SHALL DETACH, COMPLETE AND FILE** the attached Notice of Intent to Proceed with Mediation form on or before **thirty (30) days** from the date of entry of this order.

DATED:  November 16, 2010.

UNITED STATES MAGISTRATE JUDGE

1

2  Name
   _____

3  Prison Number (if applicable)
   _____

4  Address
   _____

5  _____

6  _____

7

8                    UNITED STATES DISTRICT COURT
                        DISTRICT OF NEVADA
9

10 _____,  )     Case No. _____
11                Plaintiff,      )
                                  )
12 v.                             )     NOTICE OF INTENT TO
                                  )     PROCEED WITH MEDIATION
13 _____    )
                                  )
14 _____    )
                Defendants.       )
15 _____    )

16      This case may be referred to the District of Nevada's early inmate mediation program.  The
   purpose of this notice is to assess the suitability of this case for mediation.  Mediation is a process by
17 which the parties meet with an impartial court-appointed mediator in an effort to bring about an
   expedient resolution that is satisfactory to all parties.
18

19 1.     Do you wish to proceed to early mediation in this case? _____ Yes  _____ No

20 2.     If no, please state the reason(s) you do not wish to proceed with mediation? _____

21        _____

22        _____

23        _____

24 3.     List any and all cases, including the case number, that plaintiff has filed in federal or state court
   in the last five years and the nature of each case. (Attach additional pages if needed).
25

26        _____

                                        7

1   _____

2   _____

3   4.      List any and all cases, including the case number, that are currently pending or any pending
       grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

4       _____

5       _____

6       _____

7       _____

8   5.      Are there any other comments you would like to express to the court about whether this case is
       suitable for mediation.  You may include a brief statement as to why you believe this case is suitable for

9   mediation.  (Attach additional pages if needed).

10      _____

11      _____

12      _____

13      _____

14          This form shall be filed with the Clerk of the Court on or before thirty (30) days from the date
       of entry of this order.

15

16          Counsel for defendants: By signing this form you are certifying to the court that you have
       consulted with a representative of the Nevada Department of Corrections concerning participation in

17   mediation.

18          Dated this _____ day of _____, 2010.

19

20                                          _____
                                            Signature
21

22                                          _____
                                            Name of person who prepared or
23                                          helped prepare this document

24

25

26

                                            8